NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3058

GERALD E. JUELS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.


Gerald E. Juels, of Grand Forks, North Dakota, pro se.

Amanda L. Tantum, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3058

GERALD E. JUELS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in SF-0353-08-0093-I-1.

_____

DECIDED:  June 2, 2009

_____

Before NEWMAN, MAYER, and SCHALL, Circuit Judges.

PER CURIAM.

Gerald E. Juels appeals the final order of the Merit Systems Protection Board denying his petition for review of the initial decision finding that the United States Postal Service ("agency") did not violate his restoration rights as a partially recovered employee.  See Juels v. United States Postal Serv., No. SF-0353-08-0093-I-1 (M.S.P.B. May 23, 2008).  The board concluded that there was no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation affecting the outcome.  5 C.F.R. § 1201.115(d).  We affirm.

Juels' tenure as a postal service employee began in 1974 with his employment as a part-time flexible ("PTF") Distribution Clerk in Des Moines, Iowa.  Except for an 8-

month period from 1975-1976, his service continued uninterrupted until October, 1981, when he sustained a work-related back injury while working as a Distribution Clerk at the Fargo, North Dakota, Post Office. He received Workers' Compensation benefits for lumbar strain and psychogenic conditions from November 24, 1981, through July 1, 1989. The agency removed him from service because of his disability effective February 24, 1984.

On May 23, 2005, Juels visited the agency's Seattle District Personnel Services Office and indicated that he was interested in returning to work for the agency. He was given a reinstatement application, which he completed and submitted, seeking employment as a Distribution Clerk in Seattle. Before rehiring a former employee, the agency requires a review of the former employee's Official Personnel Folder ("OPF"). Because twenty years had passed since Juels' employment with the agency, his OPF had been archived at the National Personnel Records Center ("NPRC") in St. Louis, Missouri. Both Human Resources specialists with whom Juels interviewed sent requests to NPRC for Juels' OPF.

Typically, the Department of Labor's Office of Workers' Compensation Programs ("OWCP") reviews the employee's latest medical records, determines whether the employee is partially or fully recovered, and provides the agency direction with respect to an appropriate restoration position. Juels' request presented an atypical situation, however, because he contacted the agency directly to initiate the restoration process and did not provide medical documentation of his injury or recovery. Because the agency has a seven-year retention policy for injury compensation files and he had not been employed by the agency for over twenty years, the agency sent him a letter

requesting more information to support his request for reemployment. He did not respond to the letter, but instead requested his file from OWCP, which he received January 26, 2006. On June 2, 2006, he underwent a medical examination in which he was deemed "fully recovered" from his 1981 work-related injury. On August 11, 2006, the OWCP terminated his claim for medical and wage loss benefits, and informed him of his restoration rights as a fully recovered employee. He then submitted a request for reinstatement with the Seattle District Personnel Office along with OWCP's letter terminating his benefits.

The agency maintained that it was required to initially review available positions in Juels' pre-injury commuting area. Though Juels repeatedly expressed his desire for a full time position in Seattle, he also wrote a letter to the postmaster in Fargo, North Dakota, indicating that the Fargo Post Office remained his first choice for restoration. Because no full-time positions were available in the Dakotas District, where Juels lived and worked when he first began receiving OWCP benefits, he was offered several PTF positions, and was ultimately reinstated effective March 31, 2007, as a PTF mail processing clerk in Grand Forks, North Dakota. On April 12, 2007, after his restoration, Juels provided the agency with medical reports dated May 27, 2005, which found him partially recovered from his work-related injuries and capable of performing light work.

On appeal, Juels asserts that the agency acted arbitrarily and capriciously in denying his request for restoration as a partially recovered employee. He argues that the agency failed to comply with the regulatory requirement that "[a]gencies must make every effort to restore in the local commuting, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is

able to return to limited duty." 5 C.F.R. § 353.301(d). Specifically, Juels takes issue with the agency's actions in considering him for reinstatement rather than for restoration in the Seattle District. He also contends that in reaching its fact-sensitive decision, the board failed to properly analyze and weigh conflicting testimonies of the agency's witnesses.

The scope of our review in an appeal from a decision of the board is limited. Generally, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The board found that although the agency effectively denied Juels' claim for restoration as a partially recovered employee through its delay—because by the time he was placed in his PTF position in Grand Forks he was a fully recovered employee—that delay was reasonable under the circumstances. Specifically, the board found that the agency's delay in restoration was reasonable in light of (1) Juels' twenty year lapse in employment with the agency and consequent lack of an OPF, (2) the agency's lack of medical documentation of his injury and recovery, (3) Juels' failure to respond to the agency's request for additional information, but to instead await retrieval of the OWCP archived file, and (4) Juels' contradictory communications about reemployment in Seattle and in Fargo. Given these circumstances, and the fact that the agency ultimately restored him to service, the board concluded that the agency did not arbitrarily or capriciously refuse to restore Juels as a partially recovered employee.

We agree with the board. Because Juels had been removed by the agency over twenty years ago, retrieving employment, medical, and OWCP records required more time and legwork than a typical restoration case requires. Without timely receipt of medical documentation showing that Juels was partially recovered, the agency could not identify positions within his medical restrictions. And by declining to respond to the agency's request for information substantiating his right to restoration, Juels contributed to the delay. We also reject Juels' contention that the board failed to properly consider testimony of the agency's witnesses in reaching its decision. Indeed, in its decision the board specifically noted the testimony of particular agency witnesses with respect to documentation and other atypical issues that delayed the process of placing Juels in an appropriate position within the agency. The board's fact finding function is benefited by the opportunity to hear live testimony and assess witness demeanor and credibility first-hand. Substantial evidence supports the board's determination that agency personnel did not act in bad faith or contrary to law in the course of dealing with Juels' restoration to employment. Because the board applied the appropriate legal standards, and substantial evidence supports its conclusions, its decision must stand.