NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3171

GERALD E. JUELS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Gerald E. Juels, of Grand Forks, North Dakota, pro se.

Amanda L. Tantum, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3171

GERALD E. JUELS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in DE0353080023-I-2.

_____

DECIDED: October 15, 2009

_____

Before NEWMAN, BRYSON, and DYK, Circuit Judges.

PER CURIAM.

Gerald E. Juels ("Juels") appeals the final order of the Merit Systems Protection Board ("Board") finding that the United States Postal Service ("agency") did not violate his restoration rights as a fully recovered employee. See Juels v. U.S. Postal Serv., No. DE-0353-08-0023-I-2 (M.S.P.B. Mar. 11, 2009). We affirm.[1]

BACKGROUND

On October 9, 1981, Juels sustained a work-related injury to his back while working as a mail clerk at the agency's Fargo, North Dakota post office. The Department of Labor's Office of Workers' Compensation Programs ("OWCP") found that

---

[1] This court previously affirmed the Board's separate ruling that the agency did not violate Juels's restoration rights as a partially recovered employee. Juels v. U.S. Postal Serv., No. 2009-3058, 2009 WL 1519896 (Fed. Cir. June 2, 2009).

his injuries were compensable, and Juels received workers' compensation benefits from November 24, 1981, through July 1, 1989. As a result of his failure to appear for a medical examination on June 1, 1989, his benefits were suspended a month later. Meanwhile, effective February 24, 1984, Juels was removed from the agency due to his extended absence without pay because of illness.

On January 27, 2006, more than sixteen years after his benefits were terminated, Juels sent a letter to the OWCP indicating he wished to be scheduled for a medical examination. Based on Juels's willingness to appear for an examination, the OWCP restored his benefits effective on the date of Juels's letter. Following the medical examination, Juels was deemed "fully recovered," and the OWCP notified him on August 11, 2006, that his benefits were being terminated and informed him of his restoration rights as a fully recovered employee.

Civil service employees injured on the job and who fully recover after more than one year are accorded priority consideration for reemployment in the employee's former position or an equivalent one. 5 U.S.C. § 8151(b)(2) ("[T]he department or agency which was the last employer shall, if the injury or disability is overcome within a period of more than one year after the date of commencement of compensation, make all reasonable efforts to place, and accord priority to placing, the employee in his former or equivalent position within such department or agency, or within any other department or agency."); 5 C.F.R. § 353.301(b). The request must be made within thirty days of the cessation of compensation. 5 C.F.R. § 353.301(b). On September 8, 2006, Juels submitted a request for reinstatement, and on December 11, 2006, the agency offered him his choice of eleven positions throughout the Dakotas District. All of these were

part-time flexible ("PTF") positions, rather than full-time. Juels objected to receiving only offers for PTF positions, but nevertheless accepted a mail clerk position in Grand Forks, North Dakota, where on March 31, 2007, he was restored to duty.

Juels appealed to the Board alleging that the agency had violated his restoration rights. The Administrative Judge ("AJ") found that a PTF position was not the equivalent of a full-time position and that offering Juels a PTF position did not satisfy the agency's obligations. Juels v. U.S. Postal Serv., No. DE-0353-08-0023-I-2, slip op. at 9 (M.S.P.B. Sept. 29, 2008) ("Initial Decision"). At the same time, she noted that under the regulations, Juels had no absolute right to his former position or an equivalent one. Id. His challenge therefore required a showing that he was denied his former position or an equivalent one due to the employment of another person. See 5 C.F.R. § 302.501. The AJ found that the agency had not improperly hired another in lieu of Juels because it did not hire any external candidates into full-time clerk positions, instead promoting from within. Initial Decision at 10. The AJ also rejected Juels's assertion that the agency had a continuing obligation to place him in an equivalent full-time position following his acceptance of the PTF position. Id. at 12. Finally, the AJ found that the agency properly restored Juels's rights, benefits, and status after his return to duty. Id. at 12–13.

On March 11, 2009, the Board denied Juels's petition for review, and the AJ's decision became the final decision of the Board. Juels then timely petitioned for review of the Board's decision in our court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The burden of showing jurisdiction is on the petitioner. See 5 C.F.R. § 1201.56(a)(2)(i). Whether the Board has jurisdiction over an appeal is a question of law, which we review de novo. Delalat v. Dep't of Air Force, 557 F.3d 1342, 1343 (Fed. Cir. 2009). The government contends that the Board has jurisdiction only if Juels made non-frivolous allegations that another was employed in derogation of his reemployment priority rights, and that Juels's allegations were insufficient to satisfy that standard; therefore the Board lacked jurisdiction. The AJ disagreed and granted the hearing. We see no error in the AJ's decision that the Board had jurisdiction over Juels's appeal.

Juels argues that his reemployment rights were violated because he was placed in a PTF position, which is not equivalent to his former full-time position. However, a former employee who fully recovers more than one year after the date of an injury is entitled only to priority consideration and has no absolute right to an equivalent position. Kachanis v. Dep't of Treasury, 212 F.3d 1289, 1295 (Fed. Cir. 2000).

Juels's claim thus depends upon a showing that he was denied his rights because of the employment of another person. See 5 C.F.R. § 302.501. The facts presented at the hearing established that no external candidates were hired into full-time clerk positions in place of Juels. Rather, these positions had been filled with

internal candidates in accordance with agency policy. Neither the statute according Juels priority consideration, 5 U.S.C. § 8151(b)(2), nor the applicable implementing regulations for the excepted service (including the agency), 5 C.F.R. pts. 302, 353, address the scope of "priority consideration." The Board has previously held that promoting an internal candidate into a position is not the "employment of another person" contemplated by 5 C.F.R § 302.501. See Pugh v. U.S. Postal Serv., 81 M.S.P.R. 313, 321 (1999). The reemployment regulations regarding the competitive service explicitly allow positions to be filled with internal candidates before looking to the reemployment priority list. 5 C.F.R. §§ 330.201(a), 330.205(c) (stating that the priority rules favoring applicants on the reemployment priority list do not apply to "actions involving employees on an agency's rolls" or when "filling a specific position . . . [b]y a current, qualified employee of the agency through . . . [d]etail or position change (promotion, demotion, reassignment)"). The agency's actions evince a reasonable construction of the priority consideration language of the statute, to which we owe deference. See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843–44 (1984). There appears to be no reason why a different interpretation of the statute should be followed for the excepted service, and we hold that the agency's approach is not in violation of the statute.

Juels argues that once he voluntarily accepted the Grand Forks position, the agency was still obligated to continue searching for equivalent positions. He has not established, however, that any full-time positions were available as to which he had a right to claim priority. Candidates have a right to remain on the priority reemployment list for a period of only two years (although the agency has discretion to extend the

2009-3171                                    5

period).  5 C.F.R. § 302.303(b).  Juels was entitled to priority for the two-year period beginning September 8, 2006, when he applied for reinstatement and ending September 7, 2008.  Assuming that Juels is correct that he should have remained on the priority reemployment list following his acceptance of the PTF position on December 20, 2006, he must still demonstrate that his restoration rights were violated by the agency's employment of an external candidate during the two-year period.  See 5 C.F.R. § 302.501 and discussion supra.  The AJ found that only internal candidates were placed in full-time clerk positions, and Juels on this appeal does not claim that any external candidates were employed in full-time clerk positions during the two-year period.  Therefore, the issue of whether the agency should have retained Juels on the priority reemployment list for full-time clerk positions following his acceptance of the PTF position is moot.

Juels also alleges that his rights and benefits were improperly restored following his return to duty.  Upon reemployment after recovering from a work-related injury, a federal employee is entitled to credit for the entire time he received compensation for the purposes of calculating rights and benefits.  5 U.S.C. § 8151(a); 5 C.F.R. § 353.107. The AJ found that all of Juels's rights and benefits had been properly restored.  We see nothing that warrants setting aside that finding.  The record demonstrates that the agency properly calculated Juels's rights and benefits relating to his pay rate, leave accrual, years of service, completion of probationary period, sick leave, and retirement plan status.  In addition, his seniority date was appropriately set per the American Postal Workers Union's collective bargaining agreement with the agency.

For the aforementioned reasons, we affirm the Board's decision.

COSTS

No costs.