# United States Court of Appeals for the Federal Circuit

2008-3038

KHOSROW DELALAT,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Priya B. Viswanath, Morrison & Foerster LLP, of Washington, DC, argued for petitioner. With her on the brief was Richard S.J. Hung, of San Francisco, California.

Robert E. Chandler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Michael F. Hertz, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3038

KHOSROW DELALAT,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0353040282-B-1.

_____

DECIDED: February 23, 2009
_____

Before BRYSON, GAJARSA, and MOORE, Circuit Judges.

GAJARSA, Circuit Judge.

Khosrow Delalat appeals from the final decision of the Merit Systems Protection Board (MSPB) dismissing Mr. Delalat's appeal for lack of jurisdiction. Specifically, the MSPB held that, as a reemployed annuitant, Mr. Delalat did not have a right to restoration to his previous position after he recovered from a compensable injury and, therefore, did not have any statutory right to appeal to the MSPB the Air Force's failure to restore him. Because we find that reemployed annuitants are "employees" for purposes of the Federal Employees' Compensation Act (FECA) and are, therefore,

entitled to a statutory right to restoration, we vacate and remand for proceedings in accordance with this opinion.

## BACKGROUND

Mr. Delalat retired from federal service in 1998 and began receiving a retirement annuity. Four years after his retirement, Mr. Delalat was hired by the Air Force as a reemployed annuitant—i.e., he continued to receive his annuity after reemployment. Shortly thereafter, Mr. Delalat suffered an on-the-job back injury for which he was deemed eligible for compensation by the Office of Workers' Compensation Programs (OWCP).

Upon recovering from his injury and being cleared by his physician to return to work, Mr. Delalat requested restoration to his former position with the Air Force. The Air Force did not respond to his requests for restoration. Three months later, the Air Force terminated Mr. Delalat.

Mr. Delalat appealed to the MSPB, contending that the Air Force was required to restore him to his prior position pursuant to 5 U.S.C. § 8151, as implemented by 5 C.F.R. § 353.301(a). The Administrative Judge dismissed his appeal for lack of jurisdiction, holding that "a reemployed annuitant lacks restoration rights" and that Mr. Delalat had thus failed to allege facts that would have established his right to file an appeal with the MSPB.

The MSPB denied Mr. Delalat's petition for review, rendering the Administrative Judge's initial decision final. Mr. Delalat timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of MSPB decisions is limited under 5 U.S.C. § 7703(c). A final decision of the MSPB may be reversed only if that decision is found to be: (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. Id.; Farrell v. Dep't of Interior, 314 F.3d 584, 589 (Fed. Cir. 2002). Whether the MSPB has jurisdiction to adjudicate a particular appeal is a question of law, which this court reviews de novo. Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995).

The MSPB's jurisdiction is limited to that expressly granted by statute, rule, or regulation. See 5 U.S.C. § 7701(a); Hartman v. Merit Sys. Prot. Bd., 77 F.3d 1378, 1380 (Fed. Cir. 1996). The burden is on the petitioner to establish the MSPB's jurisdiction over his appeal by a preponderance of the evidence. See 5 C.F.R. § 1201.56(a)(2); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

I.

Section 8151 of the FECA provides in part:

[T]he department or agency which was the last employer [of an employee who was receiving compensation for work injuries] shall immediately and unconditionally accord the employee, if the injury or disability has been overcome within one year after the date of commencement of compensation . . . , the right to resume his former or an equivalent position, as well as all other attendant rights which the employee would have had, or acquired, in his former position had he not been injured or disabled, including the rights to tenure, promotion, and safeguards in reductions-in-force procedures . . . .

5 U.S.C. § 8151(b)(1).[1]  The FECA defines the term "employee" to include, inter alia, "a civil officer or employee in any branch of the Government of the United States." 5 U.S.C. § 8101(1)(A).  The definition further recites four enumerated exclusions:

> (i) a commissioned officer of the Regular Corps of the Public Health Service;
>
> (ii) a commissioned officer of the Reserve Corps of the Public Health Service on active duty;
>
> (iii) a commissioned officer of the Environmental Science Services Administration; or
>
> (iv) a member of the Metropolitan Police or the Fire Department of the District of Columbia who is pensioned or pensionable under sections 521–535 of title 4, District of Columbia Code.

5 U.S.C. § 8101(1)(i)–(iv).  The Office of Personnel Management's implementing regulations simply mirror this definition and its exclusions.  5 C.F.R. § 353.103(b).

Mr. Delalat clearly fits within the broad statutory and regulatory definitions of "employee;" he has already been classified as an employee under the FECA for purposes of receiving OWCP benefits; and neither the FECA generally nor the FECA's restoration provision in particular expressly excludes reemployed annuitants.  Cf. TRW Inc. v. Andrews, 534 U.S. 19, 28 (2001) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." (internal quotation marks omitted)); King v. Briggs, 83 F.3d 1384, 1388 (Fed. Cir. 1996) (applying the canon expressio unius est exclusio alterius and stating that "Congress knows how to exempt a civil service position from the protections found in [various provisions] of title 5 if it so desires"); Acting Special Counsel v. U.S. Customs Serv., 31 M.S.P.R. 342, 347 (1986) ("Because

---

[1]  Because Mr. Delalat applied for restoration within one year of his injury, § 8151(b)(1) is the relevant provision for this analysis.

reemployed annuitants were not expressly excluded from operation of the [federal whistleblower] statute, the Board will not read such an exclusion into the statute."). Nonetheless, the Air Force argues that, as a reemployed annuitant, Mr. Delalat is not eligible for restoration rights pursuant to § 8151. We disagree.

Section 3323 of Title V establishes the status of reemployed annuitants as follows:

> Notwithstanding other statutes, an annuitant, as defined by section 8331 or 8401, receiving annuity from the Civil Service Retirement and Disability Fund is not barred by reason of his retired status from employment in an appointive position for which the annuitant is qualified. An annuitant so reemployed, other than an annuitant reappointed under paragraph (2) of this subsection, serves at the will of the appointing authority.

5 U.S.C. § 3323(b)(1).[2] By the express language of § 3323, a reemployed annuitant is an at-will employee—that is, the reemployed annuitant may be terminated with or without cause. This does not mean, however, that reemployed annuitants are wholly without rights. Reemployed annuitants are, for example, not excluded from the statutory protections against discriminatory and/or prohibited personnel practices afforded by 5 U.S.C. § 2302 and 42 U.S.C. § 2000e et seq. ("Title VII"). See, e.g., Acting Special Counsel, 31 M.S.P.R. at 344–48. Similarly, the decision not to carve out a statutory exclusion for reemployed annuitants in the FECA reflects congressional intent that reemployed annuitants who are injured on the job and receive OWCP compensation are not excluded from other FECA protections, including the right to restoration under § 8151.

We are unpersuaded by the Air Force's policy argument that it would make little sense to accord restoration rights to an at-will employee, because he would be subject

---

[2] Paragraph 2 of subsection 3323(b) relates to the limited reappointment of retired administrative law judges and is, therefore, not pertinent here.

to termination immediately upon restoration. Although a reemployed annuitant's at-will employment status may make the annuitant vulnerable to termination upon restoration, the statutory right to restoration nonetheless protects the reemployed annuitant from termination predicated on a compensable injury. Cf. Roche v. U.S. Postal Serv., 828 F.2d 1555, 1557 (Fed. Cir. 1987) (holding that a probationary employee—also non-tenured—can appeal a termination as a denial of restoration rights, if "his removal was the result of a compensable injury or was substantially related to a compensable injury").

We also disagree with the Air Force's argument and the MSPB's holding that the phrase "notwithstanding other statutes" in § 3323(b)(1) places a clear limitation on reemployed annuitants' rights. Considering the plain language of that subsection, as quoted in full above, the phrase "notwithstanding other statutes" clearly relates only to "bar[s] . . . from employment," not to the at-will status of the employment, which is established in a separate sentence.

Finally, we note that the Air Force's argument and the MSPB's holding are in conflict with a statement of the MSPB in Bovay v. Small Business Administration: "We have recognized an exception [to the general rule that, as at-will employees, reemployed annuitants may not appeal separation decisions to the Board] in cases where the reemployed annuitant is entitled to restoration rights based upon a compensable injury." 100 M.S.P.R. 175, 178 n.* (2005).

II.

The MSPB has jurisdiction over appeals of agency failures to restore injured employees. Specifically, OPM's regulations implementing the FECA provide:

[A]n injured employee or former employee of an agency in the executive branch (including the U.S. Postal Service and the Postal Rate Commission) may appeal to the MSPB an agency's failure to restore, improper restoration, or failure to return an employee following a leave of absence.

5 C.F.R. § 353.304(a); see also Booker v. Merit Sys. Prot. Bd., 982 F.2d 517, 518 (Fed. Cir. 1992) ("Appeals based on the right to restoration may be had at the Merit Systems Protection Board under 5 C.F.R. § 353.401 [now § 353.304] . . . .").

The Air Force argues that Mr. Delalat was not, in fact, denied restoration, and that even if we hold, as we do, that reemployed annuitants have restoration rights, the MSPB does not have jurisdiction where no action was taken. To the extent the Air Force asserts that Mr. Delalat was never explicitly notified of any denial of restoration, Mr. Delalat does not contend otherwise. But § 353.304(a) provides that "an injured employee or former employee . . . may appeal to the MSPB an agency's failure to restore." 5 C.F.R. § 353.304(a) (emphasis added); see also Kachanis v. Dep't of Treasury, 212 F.3d 1289, 1291 (Fed. Cir. 2000) (permitting appeal where agency delayed restoration); Roche, 828 F.2d at 1557 (permitting appeal of termination as failure to restore). At no point did the MSPB determine whether the Air Force failed to restore Mr. Delalat. This question is, therefore, not properly before us on appeal and is left for the MSPB to determine in the first instance.

## CONCLUSION

Accordingly, the MSPB's decision is vacated and remanded for further proceedings.

## VACATED AND REMANDED

## COSTS

Costs to Petitioner.