NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3232

STEVEN J. MOWERY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

<u>Steven J. Mowery</u>, of Reynoldsburg, Ohio, pro se.

<u>Calvin M. Morrow</u>, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were <u>B. Chad Bungard</u>, General Counsel, and <u>Keisha Dawn Bell</u>, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3232

STEVEN J. MOWERY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in CH0752090184-I-1.

_____

DECIDED: December 9, 2009

_____

Before LOURIE and DYK, Circuit Judges, and KENDALL, District Judge.[*]

PER CURIAM.

Steven J. Mowery ("Mowery") appeals the final order of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. See Mowery v. Dep't of Def., No. CH-0752-09-0184-I-1 (M.S.P.B. May 26, 2009). We affirm.

BACKGROUND

Mowery was appointed by the Department of Defense Logistics Agency ("the agency") to the position of Police Officer, GS-05, effective March 31, 2008. The appointment was subject to the completion of a one-year probationary period. On October 27, 2008, the agency proposed to terminate Mowery's employment for

_____

[*] Honorable Virginia M. Kendall, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

providing false information in response to inquiries on official questionnaires (relating to security clearance) concerning the circumstances under which he left his previous employment. On November 10, 2008, Mowery resigned or was terminated from his employment.

On December 8, 2008, Mowery filed an appeal with the Board alleging that the agency wrongfully terminated him from his employment. He alleged that he had initially answered the questions truthfully but that someone at the agency had told him to change his answers, and that he had done so. On December 12, 2008, the administrative judge ("AJ") issued a jurisdictional order informing Mowery that the Board might not have jurisdiction over his appeal due to the fact that probationary employees, such as Mowery, lack a right to appeal, unless the termination is based on partisan political considerations or marital status. The AJ ordered Mowery to provide evidence and argument showing that the Board had jurisdiction over his appeal. In response Mowery stated that "in the middle of this political mess with the Defense Supply Center (DLA Police), I re-enlisted," Resp't's App. 3; that "I believe there was other political influence involved in my termination of employment," id. at 30; and his general assertion that "there is a political influence on this case," id. at 36.

In a decision dated February 5, 2009, the AJ found that the agency terminated Mowery for post-employment reasons on November 10, 2008. Mowery v. Dep't. of Def., No. CH-0752-09-0184-I-1 (M.S.P.B. Feb. 5, 2009). She determined that Mowery lacked a statutory right to appeal to the Board because he was a probationary employee at the time of termination and that his reference to political influence on his termination did not

constitute a sufficient non-frivolous allegation that he had been terminated for partisan political reasons. She therefore dismissed his appeal for lack of jurisdiction.

On May 26, 2009, the full Board denied Mowery's petition for review, and the AJ's decision became the final decision of the Board. Mowery petitioned for review in this court and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. However, whether the Board has jurisdiction over an appeal is a question of law, which we review de novo. Delalat v. Dep't of Air Force, 557 F.3d 1342, 1343 (Fed. Cir. 2009). The burden of showing jurisdiction is on the petitioner. See 5 C.F.R. § 1201.56(a)(2)(i). Preference-eligible employees must have one year of current continuous service in the same or similar position in an Executive Agency to be an "employee" with Board appeal rights. See 5 U.S.C. § 7511(a)(1)(B). Mowery acknowledges that he worked in his position for eight months and was therefore a probationary employee. See Resp't's App. 37. The Board correctly observed that Mowery was terminated for post-employment reasons, because the termination related to forms filled out after he began his period of employment. See id. at 23. Therefore, the Board was correct in concluding that Mowery could only appeal to the Board if he alleged non-frivolous facts that his termination was based on partisan political reasons or marital status discrimination. See 5 U.S.C. § 7511(a)(1)(B); 5 C.F.R. § 315.806(b).

Here, Mowery's only assertions relevant to jurisdiction were his statements that "in the middle of this political mess with the Defense Supply Center (DLA Police), I re-

2009-3232 3

enlisted," Resp't's App. 3; that "I believe there was other political influence involved in my termination of employment," id. at 30; and his general assertion that "there is a political influence on this case," id. at 36. We agree with the Board that these conclusory statements do not constitute non-frivolous allegations of partisan political discrimination. Therefore, the Board properly declined to exercise jurisdiction.

## COSTS

No costs.