NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3230

DEIRDRE M. BRAUD,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Dierdre M. Braud, of Kansas City, Missouri, pro se.

Sara B. Reardon, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3230

DEIRDRE M. BRAUD,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in CH-315H-09-0181-I-1.

_____

DECIDED: January 5, 2010

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN, and LOURIE, <u>Circuit Judges</u>.

PER CURIAM.

Deirdre M. Braud appeals from the final decision of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. <u>Braud v. Dept. of the Treasury</u>, No. CH-315H-09-0181-I-1 (M.S.P.B. Feb. 3, 2009) ("Initial Decision") (M.S.P.B. May 13, 2009) ("Final Order"). Because the Board correctly concluded that it did not have jurisdiction over Ms. Braud's challenge to the termination of her probationary employment for misconduct, we <u>affirm</u>.

## BACKGROUND

Ms. Braud was appointed as a Contact Representative, GS-0962-05, with the Internal Revenue Service ("Agency") on April 21, 2008, subject to a one-year

probationary period. On November 21, 2008, the Agency terminated Ms. Braud's employment for misconduct, stating that she had sent an inappropriate e-mail to her superiors and behaved in a threatening manner towards her manager. The Agency's termination letter notified Ms. Braud of her right to appeal to the Board if she believed that her termination was based, in whole or in part, on her political affiliations or marital status.

On December 5, 2008, Ms. Braud appealed her termination to the Board, alleging that she had been falsely accused of misconduct. The Acknowledgement Order from the administrative judge ("AJ") again notified Ms. Braud that she could appeal to the Board only if she made a non-frivolous claim that the Agency terminated her because of partisan politics or her marital status. In response, Ms. Braud submitted a narrative in which she detailed her claims of mistreatment by the Agency but failed to allege discrimination based on partisan politics or marital status. Ms. Braud later admitted, in response to the government's motion to dismiss for lack of jurisdiction, that her case "was never due to marital status or political partisan" but "always has been based on wrongful termination due to false accusations by a supervisor."

On February 3, 2009, the AJ dismissed Ms. Braud's appeal without a hearing for lack of jurisdiction. The AJ found that it was undisputed that Ms. Braud was serving as a probationary employee at the time of her termination and thus did not have a statutory right to appeal, 5 U.S.C. § 7511(a)(1)(A), and that the removal was not based on marital status or partisan political discrimination, for which jurisdiction is authorized by regulation, 5 C.F.R. § 315.206(b). Initial Decision. The Board denied Ms. Braud's petition for review, making the AJ's decision the final decision of the Board. Final Order.

2009-3230

Ms. Braud timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

DISCUSSION

This court reviews a determination by the Board that it lacks jurisdiction de novo. Delalat v. Dep't of Air Force, 557 F.3d 1342, 1343 (Fed. Cir. 2009). The petitioner bears the burden of establishing jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i); Delalat, 557 F.3d at 1343.

The Board's jurisdiction is limited to that expressly granted by statute, rule, or regulation. 5 U.S.C. § 7701(a); Hartman v. Merit Sys. Prot. Bd., 77 F.3d 1378, 1380 (Fed. Cir. 1996). By statute, the Board lacks jurisdiction over appeals by probationary employees challenging a termination of employment. 5 U.S.C. §§ 7511(a)(1)(A), 7513(d); Stokes v. Fed. Aviation Admin., 761 F.2d 682, 684 (Fed. Cir. 1985). By regulation, the Board has jurisdiction over appeals by probationary employees only if their employment was terminated because of partisan political or marital status discrimination. 5 C.F.R. §§ 315.803-06; Stokes, 761 F.2d at 684-85.

Ms. Braud concedes that the Agency terminated her from probationary employment and that the termination did not involve partisan political or marital status discrimination. Rather, Ms. Braud maintains that the termination resulted from false accusations by her manager that she had engaged in inappropriate behavior while on the job. As such, Ms. Braud has failed to allege any grounds upon which the Board can exercise jurisdiction over her appeal. She has admitted that she is a probationary employee with no statutory right of appeal to the Board. 5 U.S.C. §§ 7511(a)(1)(A), 7513(d). She also has admitted that her termination does not fall within the limited

appeal rights granted a probationary employee by regulation. 5 C.F.R. § 315.806(b). Accordingly, we <u>affirm</u> the Board's decision.

## COSTS

No costs.