NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**TERRY L. KENNINGTON,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2010-3045

---

Petition for review of the Merit Systems Protection Board in Case no. DE315H090428-I-1.

---

Decided: July 8, 2010

---

TERRY L. KENNINGTON, of Layton, Utah, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, *Chief Judge*, LOURIE and BRYSON, *Circuit Judges*.

PER CURIAM.

Kennington appeals from the decision of the Merit Systems Protection Board ("the Board") dismissing his appeal of removal for lack of jurisdiction. *Kennington v. Dep't of the Treas.*, MSPB Docket No. DE-315H-09-0428-I-1 (August 25, 2009). Because the Board properly found that it did not have jurisdiction over Kennington's claims, we affirm.

## BACKGROUND

Kennington was appointed to the position of Supervisory Data Transcriber in the Wage and Investment Unit of the Internal Revenue Service ("IRS") in January 2009. His appointment was subject to the completion of a one-year probationary period. Kennington's employment was terminated in June 2009 on the basis of inappropriate behavior and disruptive comments. Specifically, in April 2009, in a meeting with his subordinates, Kennington stated that he had visions and was able to communicate with Jesus. In addition, in June 2009, Kennington telephoned a subordinate during off-duty hours to report having seen an unidentified flying object (UFO). In both cases, Kennington was told by his immediate supervisor or acting immediate supervisor that his behavior was unacceptable, caused his subordinates distress, and was disruptive. Kennington contends that he was further instructed that he was "not allowed to mention Jesus." In the course of that conversation, Kennington noted the use of the term "in the year of our Lord" in an e-mail from the director and in a press release from the White House about lesbian, gay, bisexual, and transgender pride month

("the Press Release"). He became distraught at these references to "the Lord" when he was not permitted to discuss Jesus.

Kennington was terminated effective June 18, 2009. He timely filed an appeal, alleging discrimination based on religious beliefs and retaliation for mentioning he was going to file a discrimination claim against the agency. Kennington further alleged violations of Title VII of the Civil Rights Act of 1964 and the First Amendment. In response to a motion to dismiss for lack of jurisdiction, Kennington argued that the agency had discriminated against him in violation of 5 C.F.R. § 315.806 and failed to comply with the requirements of 5 C.F.R. § 315.805.

The administrative judge ("AJ") dismissed for lack of jurisdiction. First, the AJ found that because Kennington had not completed a year of current continuous service, or had any prior federal experience, he was not an "employee" under 5 U.S.C. § 7511(a)(1)(A)(i) or (ii). The AJ then found that Kennington failed to nonfrivolously allege that he was terminated for pre-appointment reasons under 5 C.F.R. § 315.806(c) or discrimination based on marital status discrimination or partisan political reasons under 5 C.F.R. § 315.806(b).

The Board denied Kennington's petition for review and the AJ's initial decision became the final decision of the Board. Kennington timely appealed.

DISCUSSION

The scope of our review in an appeal from a Board decision is generally limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law,

rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). Whether the Board has jurisdiction over an appeal is a question of law, which we review *de novo. Delalat v. Dep't of Air Force*, 557 F.3d 1342, 1343 (Fed. Cir. 2009).

Kennington argues that although he is not an "employee" under 5 U.S.C. § 7511(a)(1)(A), defined as someone who has completed a year of current continuous service, he still maintains limited appeal rights. In addition, he argues that he should have been given a 30-day advance notice of termination, pursuant to 5 U.S.C. § 7513(b)(1), which requires 30 days advance written notice to an employee against whom an action is proposed.

Kennington next argues that although he was given written notice of the reasons for his termination, they were unclear and do not make sense, because the "counseling" he received was an instance of religious discrimination. Kennington also argues that his termination was for pre-appointment reasons, pointing to evidence that the IRS knew that he had previously been employed as a psychic, and alleging that this was a cause of his termination.

Kennington then turns to partisan political reasons and marital status discrimination, two bases on which a terminated probationary employee may challenge his termination. He alleges that his termination was partially political because he invoked the Press Release in protesting his instructions not to discuss Jesus at work. He argues that the Board erred in limiting political discrimination to termination that resulted from affiliation with, or support of, a recognized political party, its candi-

dates for public office or other political campaign activity. He further alleges that his termination involved marital status discrimination. In support, Kennington again relies on his statements about the Press Release's use of the term "in the year of our Lord," while Kennington was not permitted to discuss Jesus at work. He argues that the President, who is allowed to use the term, is married, whereas Kennington is not permitted to marry someone of the same sex. Lastly, in his brief to this court and his brief in lieu of oral argument, Kennington focuses on his friendship with an Iranian man, considered a prophet by some. He argues that because his friendship was known to the office, his termination was likely based partially on his affiliation with the man, again implicating political reasons for his termination. Regarding his grounds for asserting jurisdiction, Kennington argues that he need not present evidence to support his charges, but that the allegations alone are sufficient to support jurisdiction.

The government argues that the Board properly found that Kennington is not an "employee" under 5 U.S.C. 7511(a)(1)(A)(i) or (ii), and that as such, he does not have the right to appeal his removal to the Board under § 7701(a). Rather, his appeal is limited to those situations described by the regulations.

Next, the government argues that Kennington failed to nonfrivolously allege that the IRS violated 5 C.F.R. § 315.806(b), (c) or (d). The government argues that Kennington's allegations of marital status discrimination were pro forma, and that Kennington fails to allege facts suggesting that he, as an unmarried employee, was treated differently from married employees. In addition, according to the government, Kennington failed to allege partisan political discrimination because his allegations of discrimination were not based upon membership or affiliation with a political party.

The government argues that Kennington failed to allege that the IRS removed him for a pre-appointment reason because he did not present nonfrivolous allegations that the IRS relied on his psychic abilities or prior employment with "Planet Rainbow" in deciding to terminate him.    Lastly, the government argues that Kennington did not present his argument as to improper procedure or arguments relating to his Iranian friend below, thereby waiving them.

We agree with the government that the Board properly found that it did not have jurisdiction over Kennington's appeal.  As a preliminary matter, the parties do not dispute that Kennington is not an "employee" under 5 U.S.C. 7511(a)(1)(A)(i) or (ii).  As a result, Kennington has no statutory right of appeal.  However, he is entitled to appeal pursuant to 5 C.F.R. § 315.806(b) if his termination was based on partisan political reasons or marital status, pursuant to subsection (c) for improper procedure, or pursuant to subsection (d) for discrimination based on religion "only if such discrimination is raised in addition to one of the issues stated in paragraph (b) [partisan political or marital status discrimination] or (c) [improper procedure]."  In addition, Kennington may appeal if he was terminated for a pre-appointment reason, pursuant to 5 C.F.R. § 315.805.

The Board correctly determined that Kennington did not make a nonfrivolous allegation of partisan political discrimination.  *Stokes v. Federal Aviation Admin.*, 761 F.2d 682, 685-86 (Fed. Cir. 1985).  Kennington did not allege, for example, that his termination was a result of his support of, or opposition to, President Obama or because of any affiliation with a particular party or candidate.  *Mastriano v. Federal Aviation Admin.*, 714 F.2d 1152, 1155-56 (Fed. Cir. 1983).  Kennington further failed to nonfrivolously allege discrimination based on marital

status. Specifically, Kennington did not assert facts which, if proven, would demonstrate that married employees were treated differently from unmarried employees. *Stokes v. Federal Aviation Admin.*, 761 F.2d at 685. His allegations that his supervisor and President Obama are able to marry while he is not able to marry someone of the same sex are devoid of any hint of causation.

Kennigton's reliance on 5 C.F.R. § 315.805 is equally unavailing. That regulation provides that when a probationary employee is terminated for conditions arising in whole or in part before his appointment, he is entitled to advance written notice of the termination, an opportunity to respond, and notice of the adverse decision. 5 C.F.R. § 315.805  Kennington did not assert facts which, if proven, would demonstrate that he was terminated because of the psychic abilities he developed during his prior employment with "Planet Rainbow." Again, Kennington did not allege any causal connection between his alleged psychic abilities and the decision to remove him. We defer to the Board's factual finding, based on the termination letter, that "[Kennington's] removal was based on post-appointment reasons, *i.e.*, his undisputed statements in April and June 2009." *Kennington*, MSPB Docket No. DE-315H-09-0428-I-1 at 7. Because his termination was for post-appointment reasons, the IRS was not required to give him the notice and opportunity to respond set forth in section 315.805.

In addition, neither Kennington's argument that his termination letter did not meet procedural requirements nor his argument relating to his Iranian friend were presented to the Board. Therefore, these arguments were waived and we decline to examine them here. Lastly, because Kennington failed to make nonfrivolous allegations of procedural impropriety or discrimination based on marital status or on partisan political bases, jurisdiction

cannot rest on his assertions of religious discrimination pursuant to 5 C.F.R. § 315.806(d).

Accordingly, we affirm the Board's decision dismissing the appeal for lack of jurisdiction.

**AFFIRMED**

COSTS

No costs.