NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN-PIERRE BANEY,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

**and**

**DEPARTMENT OF JUSTICE,**
*Intervenor.*

---

2010-3097

---

Petition for review of the Merit Systems Protection Board in Case No. DA1221090479-W-1.

---

Decided: January 19, 2011

---

JOHN-PIERRE BANEY, Seagoville, Texas, pro se.

STEPHANIE M. CONLEY, Attorney, Office of General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M.

EISENMAN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

COURTNEY S. MCNAMARA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

_____

Before LOURIE, LINN, and DYK, *Circuit Judges*.

PER CURIAM.

John-Pierre Baney appeals from the final decision of the Merit Systems Protection Board ("the Board") dismissing for lack of jurisdiction his Individual Right of Action ("IRA") appeal under the Whistleblower Protection Act of 1989 ("WPA"), 5 U.S.C. § 2302(b)(8). *Baney v. Dept. of Justice*, No. DA-1221-09-0479-W-1 (M.S.P.B. Aug. 18, 2009) ("*Initial Decision*"), (M.S.P.B. Jan. 10, 2010) ("*Final Order*"). Because we conclude that Baney failed to meet his jurisdictional burden, we *affirm*.

BACKGROUND

Baney is employed as a cook supervisor for the Department of Justice ("DOJ"), Federal Bureau of Prisons ("BOP") in Seagoville, Texas. On May 12, 2009, Baney filed an IRA appeal with the Board alleging that he had been retaliated against for engaging in whistleblowing activities. Specifically, Baney alleged that his life had been threatened in retaliation for his participation in an earlier Board appeal. On May 18, 2009, the Board issued an order notifying Baney that a threat to his life is not an action appealable to the Board. The order also informed

Baney that to establish the Board's jurisdiction over an IRA appeal, he needed to show that he had exhausted his administrative remedies before the Office of Special Counsel ("OSC") and make nonfrivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) his disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.

In response to the Board's order, Baney submitted a letter dated June 2, 2009, and several documents, none of which identified any protected disclosure or any personnel action taken against him. One document, a letter from the OSC dated April 8, 2009, indicated that the OSC was closing its inquiry into Baney's whistleblowing complaint against the BOP because Baney had confirmed that no relevant personnel action had been taken against him by the agency and thus the OSC had no cause of action to pursue on his behalf. Another letter from the OSC, dated April 23, 2009, indicated that Baney's file had been closed.

The Board, on July 13, 2009, issued a second, more detailed jurisdictional order. The order included a list of specific information items Baney needed to submit to establish the Board's jurisdiction over his IRA appeal. Baney responded with a motion for an extension of time, along with copies of orders issued in another appeal in which he alleged retaliation for his military service under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301-4333. The Board granted the motion for an extension of time and once again notified Baney that he had not provided the necessary information to establish the Board's jurisdiction over his IRA appeal. In response, Baney filed a motion to request a formal hearing. The motion included

a list of forty witnesses to whom Baney claimed to have made a protected disclosure, but it failed either to identify the disclosure or to identify any personnel action taken against him by the BOP in retaliation for the disclosure.

In an initial decision on August 18, 2009, the Board dismissed Baney's IRA appeal for lack of jurisdiction. *Initial Decision* at 1. The Board found that although Baney had exhausted his administrative remedies at the OSC, he had failed to describe any protected disclosure he allegedly made, failed to provide any details on the alleged threat on his life, and failed to identify any personnel action that the DOJ took, did not take, or threatened to take or not take in response to his alleged disclosure. *Id.* at 3-4. Accordingly, the Board concluded that Baney had failed to make a nonfrivolous allegation that he was subject to a personnel action in retaliation for protected activity, and thus had failed to establish the Board's jurisdiction. *Id.* at 4. On January 12, 2010, the Board denied Baney's petition for review, rendering the dismissal of his IRA appeal final. *Final Decision* at 2.

Baney timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

## DISCUSSION

This court reviews a determination by the Board that it lacks jurisdiction *de novo*. *Delalat v. Dep't of Air Force*, 557 F.3d 1342, 1343 (Fed. Cir. 2009). Baney, as appellant below, bears the burden of establishing jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i); *Delalat*, 557 F.3d at 1343. In this case, the Board has jurisdiction over Baney's IRA appeal only if he has made a nonfrivolous allegation that (1) he engaged in whistle-

blowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8); and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *See Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Whether an appellant has made a nonfrivolous allegation is determined on the basis of the written record, without a jurisdictional hearing. *Spencer v. Dep't of Navy*, 327 F.3d 1354, 1356 (Fed. Cir. 2003).

Baney argues nothing on appeal that establishes that the Board erred in dismissing his IRA appeal for lack of jurisdiction. Baney first argues that the Board failed to take into account the fact that he has been in the Coast Guard Reserve for nineteen years while working for the DOJ, and that he has been working for the BOP for twenty-three years. The government responds, and we agree, that these facts, even if true, have no bearing on the issue of the Board's jurisdiction over an IRA appeal. As the Board repeatedly informed Baney, he was required to make a nonfrivolous allegation regarding a protected disclosure and a personnel action taken by the DOJ in retaliation. That he has served in the Coast Guard Reserve while working of the DOJ or that he has been employed at the BOP fails to allege either a protected disclosure or a personnel action overlooked by the Board.

Baney also argues that the Board (1) applied the wrong law, listing the Whistleblower Act, USERRA Law, Due Process, and the No Fear Act; and (2) failed to consider as other important grounds of relief discrimination, anti-discrimination and retaliation, defamation of character, workplace violence, adverse action, and reprisal. Also, according to Baney, the Board's decision was wrong for conflict of interest, intimidation, coercion, and perjury. The government responds, and we again agree, that the

Board correctly applied the WPA to the issue of the Board's jurisdiction, requiring Baney to make a nonfrivolous allegation that (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *See Yunus*, 242 F.3d at 1371. When Baney failed to identify any protected disclosure made by him and any personnel action taken by the DOJ in retaliation, he failed to make the requisite jurisdictional showing under the WPA.

Regarding the other laws, grounds for relief, and errors Baney suggests the Board made, Baney fails to explain their relevance either to the jurisdictional issue or to the Board's decision. Baney failed to adequately raise any issue other than retaliation for whistleblowing before the Board, and thus they have been waived. Moreover, once the Board determined that Baney had failed to establish jurisdiction, the Board lacked jurisdiction to take any further action in this case. Baney's unexplained lists of laws, grounds of relief, and errors provide no basis for a different result. Accordingly, we affirm the final order of the Board dismissing Baney's IRA appeal for lack of jurisdiction.

**AFFIRMED**