NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**JANICE R. SMETS,**

*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent,*

**and**

**DEPARTMENT OF THE NAVY,**

*Intervenor.*

---

2011-3018

---

Petition for review of the Merit Systems Protection Board in case no. SF1221090607-W-1.

---

Decided: May 26, 2011

---

JANICE R. SMETS, Oak Park, California, pro se.

JEFFREY A. GAUGER, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC for respondent. Of counsel on the brief were JAMES M.

EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

K. ELIZABETH WITWER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDISON, Director, and REGINALD T. BLADES, JR., Assistant Director.

————————————————

Before LINN, PLAGER, and DYK, *Circuit Judges*.

PER CURIAM.

This issue in this appeal from the Merit Systems Protection Board ("Board") is whether the Board properly dismissed the Petitioner's individual right of action ("IRA") for lack of jurisdiction. *Smets v. Dep't of Navy*, No. SF-1221-09-0607-W-1 (M.S.P.B. Feb. 9, 2010) ("Initial Decision"), (M.S.P.B. Sept. 9, 2010) ("Final Order"). Because the Board properly concluded that none of Ms. Smets' disclosures amounted to a nonfrivolous allegation of protected whistleblowing, we *affirm*.

## I. BACKGROUND

Ms. Janice Smets worked as a Contract Specialist with the Air Force Space Command in Los Angeles, California, until January 2008 when she was promoted to a Supervisory Contract Specialist with the Naval Air Warfare Center Division in Point Mugu, California. Like many promotions, her appointment was subject to the completion of a one-year probationary period. Following the unsatisfactory completion of her probationary period, Ms. Smets was reassigned back to her previous position as a Contract Specialist on October 26, 2008.

Then, on November 12, 2008, Ms. Smets filed a whistleblower complaint with the Office of Special Counsel ("OSC") under 5 U.S.C. § 2302(b)(8), asserting that her reassignment was in retaliation for three alleged disclosures. *Initial Decision* at 2. The alleged disclosures concerned (1) the disbursement of government funds; (2) the streamlining process for task orders and the corresponding compliance with acquisition processes; and (3) the proper assignment of job functions following the Department of Defense Base Realignment and Closure ("BRAC") process. *Id.* at 2-3. In correspondence dated March 18, 2009, OSC notified Ms. Smets that it was unable to conclude that her reports were protected under 5 U.S.C. § 2302(b)(8), thus its inquiry into her allegations was terminated. The letter noted that she had a right to seek corrective action from the Board. *Id.* at 3.

On May 20, 2009, Ms. Smets filed an IRA with the Board under 5 U.S.C. § 1221 asserting seven protected disclosures. The administrative judge found that Ms. Smets' communications did not qualify as protected disclosures under the Whistleblower Protection Act ("WPA") and dismissed the IRA for failure to establish jurisdiction. *Id.* at 7-13. The Board, in response to a petition for review of the initial decision, explained its agreement with the administrative judge's decision and denied Ms. Smets' petition for review. *Final Order* at 2. As modified by the Board, the initial decision of the administrative judge became the decision of the Board. Ms. Smets then timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

## II. DISCUSSION

Under 5 U.S.C. § 7703(c), our review of Board decisions is limited. A final Board decision may be reversed only if that decision is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. *Farrell v. Dep't of Interior,* 314 F.3d 584, 589 (Fed. Cir. 2002). The Board's dismissal of an appeal for lack of jurisdiction presents an issue of law that we review without deference. *Delalat v. Dep't of Air Force*, 557 F.3d 1342, 1343 (Fed. Cir. 2009). Ms. Smets, as appellant below, bears the burden of establishing jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2); *Delalat*, 557 F.3d at 1343.

The Board relied upon our decisions in *Huffman v. Office of Pers. Mgmt.*, 263 F.3d 1341 (Fed. Cir. 2001) and *Horton v. Dep't of Navy*, 66 F.3d 279 (Fed. Cir. 1995) to dismiss the first alleged disclosure because the communication was made in the normal course of performing her job duties. The Board held the second disclosure not protected because Ms. Smets made it to the alleged wrongdoer. *Final Order* at 2 (relying upon *Ingram v. Dep't of Army*, 114 M.S.P.R. 43, ¶ 14 (2010)). The Board dismissed Ms. Smets' third alleged disclosure because she failed to establish that she had a reasonable belief that the reported actions constituted wrongdoing. *Final Order* at 2.

When faced with a WPA complaint filed under 5 U.S.C. § 2302(b)(8), "[t]he Board must look for evidence that it was reasonable [for the petitioner] to believe that the disclosures revealed misbehavior described by [the statute]." *Lachance v. White*, 174 F.3d 1378, 1380 (Fed.

Cir. 1999). Even if this standard is met, however, not all disclosures are protected. "Criticism directed to the wrongdoers themselves is not normally viewable as whistleblowing." *Horton*, 66 F.3d at 282. "When an employee reports or states that there has been misconduct by a wrongdoer to the wrongdoer, the employee is not making a 'disclosure' of misconduct. If the misconduct occurred, the wrongdoer necessarily knew of the conduct already because he is the one that engaged in the misconduct." *Huffman*, 263 F.3d at 1350. Further, "reporting in connection with assigned normal duties is not a protected disclosure covered by the [WPA]." *Id.* (citing *Willis v. Dep't of Agric.*, 141 F.3d 1139, 1143 (Fed. Cir. 1998)).

Because there is nothing in the administrative record establishing that the Board erred in determining that Ms. Smets alleged disclosures were directed at the alleged wrongdoers, part of her normal job duties, or failed to include a reasonable belief that the actions constituted wrongdoing, we affirm the Board's dismissal of Ms. Smets appeal for lack of jurisdiction. [1]

---

[1]    Ms. Smets complains that the Board did not address the additional disclosures in her appeal to the Board but that were not part of her OSC complaint. Because these alleged disclosures were not part of the OSC complaint and therefore she had failed to exhaust her administrative remedies, the Board's decision properly did not consider those additional disclosures. *See, e.g., Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008) ("[T]he Board has jurisdiction over an IRA appeal if the appellant has exhausted his or her administrative remedies before the OSC and makes non-frivolous allegations [of whistleblowing activity]."). Thus, because the Board made no determination regarding the additional disclosures, they are not properly before this court on appeal. *Oshiver v. Office of Pers. Mgmt.*, 896 F.2d 540,

Each party shall bear its own costs.

## **AFFIRMED**